1  SEYFARTH SHAW LLP
   Nick C. Geannacopulos (State Bar No.: 114822)
2  Christian J. Rowley (State Bar No.: 187293)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   NEW UNITED MOTOR MANUFACTURING, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DERRICK NATHANIEL, an individual,        )  Case No.
                                             )
12           Plaintiff,                       )  STATE COURT CASE NO.: 04-179337
                                             )  (Superior Court of California, Alameda
13       v.                                   )  County)
                                             )
14  NEW UNITED MOTOR MANUFACTURING,)  **NOTICE AND PETITION OF**
    INC., a corporation, DWAYNE BROWN, an )  **REMOVAL OF ACTION UNDER 28**
15  individual, JOHANNA OAKSON, an           )  **U.S.C. § 1441(b)**
    individual, BOB PONSONBY, an individual, )
16  PAUL SKINNER, an individual, and DOES 1- )  (Federal Question Jurisdiction)
    10, inclusive,                            )
17                                            )
             Defendants                       )
18  _____ )

19

20       TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

21  OF CALIFORNIA AND TO PLAINTIFF DERRICK NATHANIEL AND HIS ATTORNEYS

22  OF RECORD:

23       PLEASE TAKE NOTICE that Defendants New United Motors Manufacturing Inc.

24  ("NUMMI" or "Defendant") removed this action based on the following facts and applicable

25  law:

26       1.      On October 7, 2004, plaintiff Derrick Nathaniel ("Plaintiff") commenced an

27  action in the Superior Court of the State of California in and for the County of Alameda, titled

28  *Derrick Nathaniel v. New United Motors Manufacturing, inc. et al.*, Case No. RG 04-179337, by

                                        1

1  filing a complaint. This complaint was not served on Defendants. On October 27, 2004,

2  Plaintiff filed his First Amended Complaint in the same action. (A true and correct copy of

3  Plaintiff's First Amended Complaint ("Complaint") is attached hereto as *Exhibit A*.) The

4  Complaint was served on NUMMI on November 3, 2004.

5  **JURISDICTION:**

6      2.    This action is a civil action of which this Court has original jurisdiction under 28

7  U.S.C. § 1331, and is thus one which Defendant is entitled to remove to this Court pursuant to 28

8  U.S.C. § 1441, in that it necessarily arises under Section 301 of the Labor Management Relations

9  Act, 29 U.S.C. § 185. ("Section 301")

10      3.    Plaintiff's state court Complaint purports to allege seven causes of action:

11  Defamation, Wrongful Demotion in Violation of Public Policy, Race Discrimination in violation

12  of the California Fair Employment & Housing Act ("FEHA"), FEHA Retaliation, FEHA

13  Harassment, Intentional Infliction of Emotional Distress, and Labor Code § 1050.

14      4.    Plaintiff was ands still is employed by Defendant NUMMI and his employment is

15  covered by a collective bargaining agreement ("CBA"). The CBA was entered into by NUMMI

16  and Plaintiff's collective bargaining representative, the United Auto Workers (the "Union"), a

17  labor organization within the meaning of 29 U.S.C. § 185. *See Exhibit B*; Declaration of

18  Christian J. Rowley, Esq. (authenticating Exhibit). The CBA was in full force and effect during

19  the time period relevant to the Complaint. *Id.*

20      5.    Plaintiff's defamation and intentional infliction of emotional distress claims

21  ("CBA-Related Claims") are central to, inextricably intertwined with, and substantially

22  dependent upon an interpretation of the terms of the CBA. Among other things, Plaintiff alleges

23  that his demotion, which was conducted in accordance with the CBA, was "wrongful" (FAC ¶

24  27-31) and "extreme and outrageous conduct."(FAC ¶ 50). The CBA establishes the grounds

25  under which employees may be disciplined . *See Exhibit B*.

26      6.    Plaintiff's CBA-Related Claims address, concern, and pertain directly to rights

27  and obligations which arise from the CBA itself, and therefore cannot be evaluated without

28  considering the provisions of the CBA. Hence, the claims arise under, and are preempted by,

2

Section 301. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (where evaluation of state law claim is "inextricably intertwined" with the terms of a collective bargaining agreement, such claim actually arises under federal labor law and is preempted); *Humble v. Boeing Company*, 305 F.3d 1004, 1012-15 (9th Cir. 2002) (intentional infliction of emotional distress claim based on wrongful reassignment preempted); *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989) (state law defamation claim preempted because alleged defamatory communication arose from requirements of collective bargaining agreement); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285-86 (9th Cir. 1989) (state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress preempted by Section 301 because the claims concern a job position governed by a collective bargaining agreement); *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149 (9th Cir. 1988); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-99 (9th Cir. 1987) (intentional and negligent infliction of emotional distress preempted by Section 301). As the Ninth Circuit has stated "[w]e have repeatedly held that determining whether an employer's conduct is outrageous requires an interpretation of the terms of the CBA, and therefore the [Intentional Infliction] claim is not independent and thus is preempted by Section 301." *Saridakis v. United Airlines*, 166 F.3d 1272, 1278 (9th Cir. 1999), *citing Stone v. Writers Guild of America West, Inc.*, 101 F.3d 1312,1314 (9th Cir. 1996); *Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990); *Miller v. A.T.& T. Network Sys.*, 850 F.2d 543, 550 (9th Cir. 1987).

7.     Because Plaintiff's claims are pleaded in terms of state common law but in fact are derived from the CBA, the Court must recharacterize them as arising under Section 301. Plaintiff may not conceal the federal character of his claims by "artfully pleading" them in state law terms. *See, e.g., Allis-Chalmers Corp., supra*, 471 U.S. at 210-11; *Young, supra*, 830 F.2d at 999; *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). As Plaintiff's claims arise under federal labor law, which preempts any collateral state law claims based on the same facts, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal

NOTICE AND PETITION OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1141(B)

1  is proper under 28 U.S.C. §§ 1441 and 1446. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861

2  (9th Cir. 1987); *Newberry v. Pac. Racing Association*, 854 F.2d 1142, 1146-47 (9th Cir. 1988).

3        8.      Plaintiff's remaining claims are also preempted or fall within this Court's

4  supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), as they relate to and emanate from

5  the same facts and transactions underlying Plaintiff's preempted claim, thus forming part of the

6  same "case or controversy." Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to

7  remove all of Plaintiff's claims to this Court.

8        9.      Removing Defendant NUMMI was served on November 3, 2004. Removing

9  Defendant is not aware that the other Defendants have been served. Therefore this removal is

10  timely.

11  **INTRADISTRICT ASSIGNMENT:**

12        10.     Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1391 because the

13  state court action was filed in this District, and this is the judicial district in which the action

14  arose.

15        11.     Defendant answered the complaint on November 29, 2004. A true and correct

16  copy of Defendant's Answer is attached hereto as *Exhibit C*.

17        12.     Defendant, upon filing this Notice of Removal, is also filing a copy of this Notice

18  of Removal with the Clerk of the Superior Court of the County of Alameda to effect this removal

19  in accordance with 28 U.S.C. § 1446(d).

20        THEREFORE, Defendant gives notice that the above action, which was pending in the

21  Superior Court of California, County of Alameda, is hereby removed to the United States District

22  Court for the Northern District of California.

23  DATED: December 1, 2004          SEYFARTH SHAW LLP

24

25                                  By

26                                       Christian J. Rowley

27                                Attorneys for Defendant
                              NEW UNITED MOTOR MANUFACTURING,

28                                INC.

4

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,
3  San Francisco, California 94105. On December 1, 2004, I served the within document(s):

4  **NOTICE AND PETITION OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**

5

6  ☐   I sent such document from facsimile machine (415) 397-8549 on _____. I certify
       that said transmission was completed and that all pages were received and that a report was
7      generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt.

8  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
       prepaid, in the United States mail at San Francisco, CA addressed as set forth below.
9

10 ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set
       forth below.
11

12 ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in
       a sealed Federal Express envelope with postage paid on account and deposited with Federal
13     Express at , California, addressed as set forth below.

14 ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
       below.
15

16     Kelly H. Armstrong, Esq.
       THE ARMSTRONG LAW FIRM
17     1592 Union Street
       San Francisco, CA 94123
       FAX: 415.928.1294
18

19     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
20 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
21 meter date is more than on day after the date of deposit for mailing in affidavit.

22     I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

23     Executed on December 1, 2004, at San Francisco, California.

24                                                        _Mary V. Flynn_
25                                                        Mary V. Flynn

26

27

28

**EXHIBIT A**

*3404024*

FILED
ALAMEDA COUNTY

OCT 2 7 2004

CLERK OF THE SUPERIOR COURT
By _____
                                      DEPUTY

1   KELLY H. ARMSTRONG, ESQ. (SBN: 213036)
    THE ARMSTRONG LAW FIRM
2   1592 Union Street, 1st Floor
    San Francisco, California 94123
3   Telephone (415) 928-1293
    Facsimile (415) 928-1294
4
    Attorney for Plaintiff
5   DERRICK NATHANIEL

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10

11

12   DERRICK NATHANIEL, an individual,      )   Case No. RG 04-179337
                                            )
13                                          )
                 Plaintiff,                 )   UNLIMITED JURISDICTION
14                                          )
                                            )
15         vs.                              )   FIRST AMENDED COMPLAINT FOR
                                            )   DAMAGES:
16   NEW UNITED MOTORS                      )   **BY FAX**
     MANUFACTURING, INC., a corporation,    )   (1) DEFAMATION;
17   DWAYNE BROWN, an individual,           )   (2) WRONGFUL DEMOTION IN
     JOHANNA OAKSON, an individual, BOB     )       VIOLATION OF PUBLIC POLICY;
18   PONSONBY, an individual, PAUL          )   (3) RACE DISCRIMINATION – FEHA;
     SKINNER, an individual and DOES 1-100, )   (4) RETALIATION - FEHA
19   inclusive,                             )   (5) HARASSMENT – FEHA;
                                            )   (6) INTENTIONAL INFLICTION OF
20                                          )       EMOTIONAL DISTRESS AND
                 Defendants.                )   (7) LABOR CODE § 1050
21                                          )
                                            )
22                                          )
                                            )
23                                          )   **JURY TRIAL DEMANDED**
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )

27

28

     FIRST AMENDED COMPLAINT              1

Plaintiff alleges as follows:

### INTRODUCTION

This is an action for damages as to: (1) Defamation; (2) Wrongful Demotion in Violation of Public Policy; (3) Race Discrimination – California Government Code § 12940; (4) Retaliation – California Government Code § 12940 (5) Harassment – California Government Code § 12940 and (6) Intentional Infliction of Emotional Distress.

1.     This action arises out of events involving Plaintiff DERRICK NATHANIEL and defendants COVENANT AVIATION SECURITY, LLC, DWAYNE BROWN, an individual, JOHANNA OAKSON, BOB PONSONBY, an individual, PAUL SKINNER, an individual and DOES 1 - 100.

### THE PARTIES

2.     Plaintiff DERRICK NATHANIEL (hereafter "NATHANIEL") is an African American male who is presently employed by NUMMI as a Team Member.

3.     Defendant NEW UNITED MOTORS MANUFACTURING, INC. (hereafter "NUMMI") is an automotive manufacturing firm.  Defendant DWAYNE BROWN ("BROWN") is employed by NUMMI as a Group Leader.  Defendant JOHANNA OAKSON ("OAKSON") is employed by NUMMI as a Labor Representative.  Defendant BOB PONSONBY is employed by NUMMI as a Team Members Relations.  Defendant PAUL SKINNER is employed by NUMMI as a Truck Paint Manager.

4.     Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing.  Plaintiff has received his right to sue letter, which is attached hereto as Exhibit A.

COMPLAINT                                              2

5.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants.

### GENERAL ALLEGATIONS

7.     NATHANIEL has worked for NUMMI for over 13 years. During his 13 year tenure, NATHANIEL was never subjected to discipline for his work performance or behavior prior to April 2004. In fact, NATHANIEL was promoted to a Team Leader by NUMMI, who oversaw the work of other employees.

8.     NATHANIEL began being harassed by his Group Leader BROWN who mistreated him by shorting his timecards, reprimanding him for no reason, intentionally bumping into him and refusing to allow him to work extra hours when requested in contrast to his co-workers. NATHANIEL complained to NUMMI management on multiple occasions regarding discriminatory treatment that he was subjected to and which was in contrast to a fellow Team Leader at NUMMI who is Latino. That Team Leader did not receive discipline despite known alcohol and substance abuse problems. He merely received warnings from NUMMI for misconduct and multiple lengthy work absences in contrast to NATHANIEL who was suspended without pay and demoted.

COMPLAINT                                           3

9.    After NATHANIEL complained to NUMMI, he was subjected to a discrimination and harassment as well as a retaliation campaign by NUMMI, BROWN, OAKSON, PONSONBY and SKINNER, where petitions were circulated amongst the workers, which bore derogatory and false statements regarding NATHANIEL. The petitions were drafted with multiple false statements, which disparaged NATHANIEL as to his character, professionalism, competence, work ability, employment and personhood. After the petitions were circulated, NUMMI used them as a false justification to wrongfully suspend NATHANIEL for 30 days without pay and to demote him from Team Leader to Team Member.

10.    OAKSON threatened NATHANIEL with termination when he would not agree with her false statements regarding misconduct against him. She also threatened NATHANIEL for complaining of discrimination, retaliation and harassment. OAKSON further falsely accused NATHANIEL of physically threatening her and called security on him in the workplace.

11.    NUMMI acknowledged its wrongful treatment of NATHANIEL in June 2004 when it offered to clear his record, compensate him for all back pay due to the suspension and give him an additional $1,000. NATHANIEL has suffered and continues to suffer extreme emotional distress due to the false statements, allegations and mistreatment to which he has been subjected by NUMMI.

### FIRST CAUSE OF ACTION

### DEFAMATION

### NATHANIEL AGAINST DEFENDANTS NUMMI, BROWN, OAKSON, PONSONBY, SKINNER AND DOES 1-100

12.    Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 11 herein.

COMPLAINT                                  4

13.     Plaintiff is informed and believes that defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied: accusations regarding the character, professionalism, work ability, employment and personhood of Plaintiff.

14.     Plaintiff is informed and believes that these publications were outrageous, negligent, reckless, intentional, and maliciously published by defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by defendants, and each of them, were published by defendants, their agents and employees, and recipients in the community.  Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

15.     During the above-described time-frame, defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know.  These third persons to whom these defendants published this defamation are believed to include, but are not limited to, other agents and employees of defendants, and each of them, and the community, all of whom are known to defendants, and each of them, but unknown at this time to Plaintiff.

16.     The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.  These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or

COMPLAINT                                              5

1  substance that Plaintiff: violated company policies and California law.  These and similar

2  statements published by defendants, and each of them, expressly and impliedly asserted that

3  Plaintiff was in violation of California law.

4
5      17.    Plaintiff is informed, believes and fears that these false and defamatory per se

6  statements will continue to be published by defendants, and each of them, and will be

7  foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's

8  business, professional, and personal reputations. Plaintiff also seeks redress in this action for all

9  foreseeable republications, including his own compelled self-publication of these defamatory

10 statements.

11
12     18.    The defamatory meaning of all of the above-described false and defamatory

13 statements and their reference to Plaintiff, were understood by these above-referenced third

14 person recipients and other members of the community who are known to defendants, and each

15 of them, but unknown to Plaintiff at this time.

16
17     19.    None of defendants' defamatory publications against Plaintiff referenced above

18 are true.

19     20.    The above defamatory statements were understood as assertions of fact, and not

20 as opinion. Plaintiff is informed and believes this defamation will continue to be negligently,

21 recklessly, and intentionally published and foreseeably republished by defendants, and each of

22 them, and foreseeably republished by recipients of defendants' publications, thereby causing

23 additional injury and damages for which Plaintiff seeks redress by this action.

24
25     21.    Each of these false defamatory per se publications were negligently, recklessly,

26 and intentionally published in a manner equaling malice and abuse of any alleged conditional

27 privilege, which Plaintiff denies existed, since the publications, and each of them, were made

28

COMPLAINT                                6

with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause him to be fired, to justify his firing and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in retaliation for his complaints about discrimination and harassment.

22.     Each of these publications by defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses. These acts of publication were known by defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

23.     The above complained-of publications by defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the defendants from liability for any of these aforementioned publications or republications.

COMPLAINT                                    7

24.   As a proximate result of the publication and republication of these defamatory statements by defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

25.   Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.  All actions of defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the defendants, and each of them.  Plaintiff, thus, is entitled to recover punitive and exemplary damages from defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

26.   WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION

### WRONGFUL DEMOTION IN VIOLATION OF PUBLIC POLICY

### NATHANIEL AGAINST DEFENDANTS NUMMI AND DOES 1-100

27.   Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 26 herein.

28.   Plaintiff's wrongful demotion from his employment with NUMMI was based upon defendants' violation of public policy, including but not limited to the following: the

COMPLAINT                                    8

fundamental public policy against defamation, retaliation, race discrimination, harassment and all of the causes of action alleged herein and the fundamental public policy of equal opportunity employment.

29.     As a proximate result of defendants' wrongful acts, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and have suffered and continue to suffer emotional distress in an amount according to proof at the time of trial.

30.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  The acts complained of were known to, authorized and ratified by defendants.  Plaintiff is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### RACE DISCRIMINATION – FEHA

### AGAINST NUMMI AND DOES 1-100

31.     Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 30 above.

32.     Defendants, through their agents and employees, engaged in a pattern and practice of unlawful race discrimination in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with Plaintiff's work assignments, training, the terms and conditions of Plaintiff's employment and his suspension without pay and demotion.

COMPLAINT                                                    9

33.  At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Plaintiff from further discrimination, Plaintiff suffered and continues to suffer severe emotional distress.

34.  Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, engaged in other discriminatory practices against Plaintiff, which are not yet fully known. At such time as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

35.  As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

36.  Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffis rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## FOURTH CAUSE OF ACTION

### RETALIATION - FEHA

### NATHANIEL AGAINST DEFENDANTS NUMMI, BROWN

### OAKSON, PONSONBY & SKINNER AND DOES 1-100

37.  Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 36 above.

COMPLAINT                                      10

38.     Defendants, through their agents and employees engaged in a pattern and practice of unlawful retaliation in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with Plaintiff NATHANIEL's work assignments, training, the terms and conditions of Plaintiff's employment and his demotion. Plaintiff was engaged in protected activity when he attempted to assert his rights under California law.

39.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect Plaintiff from further discrimination, Plaintiff suffered severe emotional distress.

40.     Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, defendants, and each of them, engaged in other discriminatory practices against Plaintiff, which are not yet fully known. At such time as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

41.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

42.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

### FIFTH CAUSE OF ACTION

COMPLAINT                                        11

## HARASSMENT - FEHA

## NATHANIEL AGAINST DEFENDANTS NUMMI, OAKSON AND DOES 1-100

43.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 42 herein.

44.     Under California Government Code §12940 defendants are prohibited from harassment of Plaintiff under California Government Code §12940.

45.     Plaintiff complained to defendants on numerous occasions alleged herein that he was being harassed.

46.     Plaintiff is informed and believes and thereon alleges that defendants had numerous opportunities to remedy the hostility in their work place, but chose to allow the harassment of Plaintiff instead.

47.     At all relevant times, defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the harassing behavior perpetrated and executed by defendants, and defendants' failure to protect Plaintiff from harassing behavior, Plaintiff has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, Plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

48.     Defendants' acts alleged herein are malicious, oppressive, fraudulent, despicable, and in conscious disregard of Plaintiff's rights and public policy. As such, punitive damages are warranted against defendants in order to punish and make an example out of each of them.

## SIXTH CAUSE OF ACTION

COMPLAINT                                              12

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## NATHANIEL AGAINST ALL DEFENDANTS

49.     Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 48 herein.

50.     Plaintiff is informed and believes and thereon alleges that from 2003 and continuing to present, defendants, by and through its principals, agents and employees, unlawfully defamed, discriminated against, harassed, retaliated and demoted Plaintiff in violation of public policy and applicable law, with conscious disregard of the result or outcome of such act. The unlawful harassment, retaliation, defamation and demotion of Plaintiff and defendants' improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the defendants, and each of them.

51.     Through the outrageous conduct described above, defendants acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

52.     At all relevant times, defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

53.     As a direct and proximate result of defendants' willful, knowing and intentional acts, and defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings, stock options, and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

COMPLAINT                                          13

54. The acts of defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against defendants, and each of them.

### SEVENTH CAUSE OF ACTION

### CALIFORNIA LABOR CODE § 1050

### NATHANIEL AGAINST DEFENDANTS

### NUMMI, BROWN, OAKSON AND DOES (1-100)

55. Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 54 herein.

56. Defendants NUMMI, BROWN, OAKSON and DOES 1-100 in doing the things herein complained of knew, or could reasonably foresee, that Plaintiff would be forced to republish his wrongful and libelous allegations against Plaintiff of professional misconduct, incompetence and several other derogatory statements to each and every prospective Employer of whom Plaintiff would seek employment and that such compelled disclosure would prevent Plaintiff from gaining any further employment and was, therefore, violative of Plaintiff's rights under Labor Code §1050.

57. Defendants NUMMI et al failed to take all reasonable steps within their power to prevent such violations and, therefore, were violative of Plaintiff's rights under Labor Code §1052.

COMPLAINT                                     14

58.    In doing the acts herein complained of, defendants caused Plaintiff to suffer preventable economic and personal injury damages in an amount according to proof and, therefore, are liable to Plaintiff for treble damages under the provisions of Labor Code §1054.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.    For general damages according to proof, however, no less than the jurisdictional limit of this court;

2.    For special damages in amounts according to proof;

3.    For punitive damages in amounts according to proof;

4.    For attorneys' fees as provided by law;

5.    For interest as provided by law;

6.    For cost of suit incurred herein; and

7.    For such other and further relief as the Court deems fair and just.

Dated: October 26, 2004                    THE ARMSTRONG LAW FIRM

By
Kelly H. Armstrong
Attorney for Plaintiff
DERRICK NATHANIEL

COMPLAINT                           15

**EXHIBIT B**

1    SEYFARTH SHAW LLP
     Nick C. Geannacopulos (State Bar No.: 114822)
2    Christian J. Rowley (State Bar No.: 187293)
     560 Mission Street, Suite 3100
3    San Francisco, California 94105
     Telephone: (415) 397-2823
4    Facsimile: (415) 397-8549

5    Attorneys for Defendant
     NEW UNITED MOTOR MANUFACTURING, INC.
6

7

8                        UNITED STATES DISTRICT COURT

9            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DERRICK NATHANIEL, an individual,        )  Case No.
                                              )
12                   Plaintiff,               )  **DECLARATION OF CHRISTIAN J.**
                                              )  **ROWLEY IN SUPPORT OF NOTICE**
13           v.                               )  **OF REMOVAL**
                                              )
14   NEW UNITED MOTOR MANUFACTURING, )
     INC., a corporation, DWAYNE BROWN, an    )
15   individual, JOHANNA OAKSON, an           )
     individual, BOB PONSONBY, an individual, )
16   PAUL SKINNER, an individual, and DOES 1- )
     10, inclusive,                           )
17                                            )
                     Defendants.              )
18   _____)

19
             I, Christian J. Rowley, Esq., hereby declare under the pains and penalties of perjury that
20
     the following is true and correct to the best of my knowledge information and belief.
21
             1.      I am an attorney with Seyfarth Shaw LLP and am counsel to New United Motor
22
     Manufacturing, Inc. ("NUMMI") in this matter.
23
             2.      In my position, I am familiar with the relevant labor agreements in effect at the
24
     Defendant's facility in Fremont, California where Plaintiff works.
25
             3.      Attached as Exhibit A to the Notice of Removal field herewith is a true and
26
     correct copy of the collective bargaining agreement governing Plaintiff's employment with
27
     NUMMI.
28

                                                  1
     _____
     DECLARATION OF CHRISTIAN J. ROWLEY IN SUPPORT OF NUMMI'S NOTICE OF REMOVAL

Signed under the pains and penalties of perjury in San Francisco, California.

DATED:  December 1, 2004          By

Christian J. Rowley

**In the spirit of economy,
the Collective Bargaining Agreement can be found
in its entirety in the separate
Declaration of Christian J. Rowley**

**EXHIBIT A**

COLLECTIVE BARGAINING AGREEMENT

BETWEEN

NEW UNITED MOTOR MANUFACTURING, INC.

AND

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA, UAW

**EXHIBIT C**

ENDORSED
FILED
ALAMEDA COUNTY

NOV 3 0 2004

CLERK OF THE SUPERIOR COURT
By Dorothy L. Lee, Deputy

1   SEYFARTH SHAW LLP
    Nick C. Geannacopulos (State Bar No.: 114822)
2   Christian J. Rowley (State Bar No.: 187293)
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    NEW UNITED MOTOR MANUFACTURING, INC.

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10

11  DERRICK NATHANIEL, an individual,     )   Case No. 04-179337
                                          )
12              Plaintiff.                )   ANSWER OF DEFENDANT NEW
                                          )   UNITED MOTOR MANUFACTURING
13       v.                               )   INC.
                                          )               BY FAX
14  NEW UNITED MOTOR MANUFACTURING,)
    INC., a corporation, DWAYNE BROWN, an )
15  individual, JOHANNA OAKSON, an        )
    individual, BOB PONSONBY, an individual,)
16  PAUL SKINNER, an individual, and DOES 1-)
    10, inclusive,                        )
17                                        )
                                          )
18              Defendants.               )

19

20      TO PLAINTIFF DERRICK NATHANIEL AND HIS ATTORNEY OF RECORD:

21      Pursuant to the provisions of Section 431.30(d) of the California Code of Civil

22  Procedure Defendant, NEW UNITED MOTORS MANUFACTURING, INC., answers the

23  Complaint and generally denies each and every allegation in the Complaint.

24      In further answer to the Complaint, Defendant denies that Plaintiff suffered injuries as

25  alleged in the Complaint or damages of any nature whatsoever.

26      The following affirmative and other defenses are stated to the Complaint:

27

28

                                         1

1

## FIRST DEFENSE

2

(Failure to State a Claim -- All Causes of Action)

3

The Complaint fails to state a claim upon which relief may be granted against Defendant.

4

## SECOND DEFENSE

5

(No Injury -- All Causes of Action)

6

Plaintiff sustained no injury or damages as a proximate result of any act by or attributable

7

to Defendant.

8

## THIRD DEFENSE

9

(Damages Not Caused by Defendant -- All Causes of Action)

10

Plaintiff's injury, damage, loss and/or detriment, if any, was caused, in whole or in part

11

by a party other than Defendant and any injuries, damages, loss and/or detriment allegedly

12

incurred by her were not the result or cause of any acts, omission, or other conduct of Defendant.

13

## FOURTH DEFENSE

14

(Statute of Limitations -- All Causes of Action)

15

The claims set forth in the Complaint are barred to the extent they exceed the applicable

16

statutes of limitations including, but not limited to, Cal. Code of Civil Procedure Sections 337,

17

338(d), 339(1), 340(1) and (3), and Cal. Government Code Sections 12960 and 12965.

18

## FIFTH DEFENSE

19

(Reasonable Investigation -- All Causes of Action)

20

The claims set forth in the Complaint are barred to the extent that Defendant undertook a

21

prompt and reasonable investigation of the matters alleged.

22

## SIXTH DEFENSE

23

(Prompt Remedial Action -- All Causes of Action)

24

To the extent Plaintiff complained of any unlawful conduct, prompt remedial action was

25

taken.

26

27

28

ANSWER OF DEFENDANT NEW UNITED MOTOR MANUFACTURING INC.

1

### SEVENTH DEFENSE

2

(Plaintiff Failed to Take Advantage of Preventative or
Corrective Opportunities -- All Causes of Action)

3

4

The claims set forth in the Complaint are barred because Plaintiff unreasonably failed to

5

take advantage of any preventative or corrective opportunities provided by Defendant or to

6

otherwise avoid harm.

### EIGHTH DEFENSE

7

(Failure to Take Advantage of Safeguards Against
Discrimination -- All Causes of Action)

8

9

Defendant took all reasonable steps necessary to prevent discrimination and to eliminate

10

it when it might occur, and Plaintiff failed to act with like reasonable care to take advantage of

11

Defendant's safeguards to prevent the alleged conduct.

12

### NINTH DEFENSE

13

(Privilege/Justification -- All Causes of Action)

14

Defendant's actions were at all times privileged or justified.

15

### TENTH DEFENSE

16

(Legitimate Business Reasons -- All Causes of Action)

17

The claims set forth in the Complaint are barred because all actions undertaken by

18

Defendant were accomplished for legitimate, nondiscriminatory business reasons.

19

### ELEVENTH DEFENSE

20

(Truth – All Causes of Action)

21

The alleged defamatory comments or publications about Plaintiff were, in fact, true.

22

### TWELFTH DEFENSE

23

(Privilege – Defamation Claim)

24

Defendant's alleged publication of defamatory statements about Plaintiff were privileged

25

26

27

28

THIRTEENTH DEFENSE

(Good Faith -- All Causes of Action)

The actions alleged in the Complaint, if and to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion of Defendant's legal rights and were based on a rational and reasonable consideration of the facts.

FOURTEENTH DEFENSE

(Failure to Exhaust Administrative Remedies -- All Causes of Action)

The claims set forth in the first and second causes of action are barred because Plaintiff has failed to timely exhaust her administrative remedies and/or failed to timely bring an administrative charge against Defendant.

FIFTEENTH DEFENSE

(Exceed Scope of Administrative Charge -- All Causes of Action)

The claims set forth in the first and second causes of action are barred because some or all of the events alleged in the Complaint exceed the scope of the charge filed by Plaintiff with the DFEH, the EEOC, or both.

SIXTEENTH DEFENSE

(Unclean Hands -- All Causes of Action)

The claims set forth in the Complaint are barred to the extent Plaintiff is guilty of unclean hands in connection with his allegations against Defendant.

SEVENTEENTH DEFENSE

(Estoppel -- All Causes of Action)

The claims set forth in the Complaint are barred by reason of Plaintiff's own inconsistent, improper, or negligent statements and/or conduct, or that of Plaintiff's representatives or agents, and therefore Plaintiff is estopped from recovering on any of the claims.

EIGHTEENTH DEFENSE

(After-Acquired Evidence -- All Causes of Action)

The claims set forth in the Complaint are barred to the extent Plaintiff engaged in any

4

1 | fraud or misconduct which, if known, would have caused him not to be hired or to be suspended

2 | or terminated.

3 | <u>NINETEENTH DEFENSE</u>

4 | (Failure to Mitigate -- All Causes of Action)

5 | Recovery in this matter is barred or must be reduced because of Plaintiff's failure to

6 | mitigate his damages.

7 | <u>TWENTIETH DEFENSE</u>

8 | (Waiver -- All Causes of Action)

9 | The claims set forth in the Complaint are barred because Plaintiff and/or his

10 | representatives or agents has or have waived any right to recover.

<u>TWENTY-FIRST DEFENSE</u>

11 | (Ratification -- All Causes of Action)

12 | The claims set forth in the Complaint are barred because any conduct by or attributable to

13 | Defendant was ratified by Plaintiff and/or his representatives or agents.

14 | <u>TWENTY-SECOND DEFENSE</u>

15 | (Failure to State Claim for Punitive Damages --
All Causes of Action)

16 |

17 | Plaintiff fails to allege complaints upon which a claim for punitive and/or exemplary

18 | damages may be granted.

19 | <u>TWENTY-THIRD DEFENSE</u>

20 | (Unconstitutional on its Face -- All Causes of Action)

21 | California Civil Code Section 3294, relating to the imposition of punitive damages, is

22 | invalid on its face, or as applied to Defendant in this action, pursuant to Article I, Section 10,

23 | Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the

24 | Constitution of the United States, and Articles I and IV of the California Constitution.

25 |

26 |

27 |

28 |

### TWENTY-FOURTH DEFENSE

(Criminal Penalty -- All Causes of Action)

Actions such as this, seeking the imposition of punitive damages, are essentially criminal in nature and entitle Defendant to the rights afforded to Defendant in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 7, 15 and 17 and Article IV, Section 16 of the California Constitution.  The procedural laws that deny such rights to Defendant, including but not limited to the lack of a requirement that Plaintiff prove beyond a reasonable doubt the basis for imposing punitive damages, violate Defendant's rights under such constitutional provisions.

### TWENTY-FIFTH DEFENSE

(Employment Decisions Contrary to Employer's Policies
-- All Causes of Action)

Plaintiff may not recover punitive damages for discriminatory employment decisions to the extent that those decisions are contrary to the policies Defendant has instituted in good faith against wrongful conduct.

### TWENTY SIXTH  DEFENSE

(Attorney's Fees -- All Causes of Action)

Plaintiff knew or should have known that the claims in the Complaint are without any reasonable basis in law and equity and cannot be supported by good faith argument for extension, modification or reversal of existing law.  As a result of the filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys and have and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

ANSWER OF DEFENDANT NEW UNITED MOTOR MANUFACTURING INC.

1

TWENTY SEVENTH DEFENSE

2

(Section 301 -- All Causes of Action)

3

Plaintiff's causes of action are preempted by the Labor Management Relations Act of

4

1947, which governs and bars the claims asserted in the complaint 29 U.S.C. § 185.

5

6

TWENTY EIGHTH DEFENSE

7

(Workers Compensation Exclusivity -- Causes of Action)

8

Plaintiff's First, Second, Sixth and Seventh causes of action are barred by the workers'

9

compensation exclusivity provisions of the California Workers' Compensation Act, Labor Code

10

§§ 3200, et seq.

11

12

WHEREFORE, Defendant prays as follows:

13

1.       That Plaintiff and Plaintiff's attorneys take nothing by the Complaint and that this

14

Complaint be dismissed with prejudice;

15

2.       For costs of suit and reasonable attorneys' fees incurred herein; and

16

3.       For such other and further relief as this Court deems proper.

17

18

DATED: November 30, 2004                    SEYFARTH SHAW LLP

19

20

By_____

21

Christian J. Rowley

22

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

23

24

25

26

27

SF1 28194753.1 / 33218-000017

28

ANSWER OF DEFENDANT NEW UNITED MOTOR MANUFACTURING INC.